UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN SHONTELL HEWLETT,

      Plaintiff,

      v.                                                                          Case No. 22-C-1334

MITCHELL R. CLINE and
HEATHER KRUEGER,

      Defendants.

## SCREENING ORDER

Plaintiff Damien Shontell Hewlett, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 23, 2022, the Court screened the complaint and gave Hewlett an opportunity to file an amended complaint, which he did on January 3, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As explained in the original screening order, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required

to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Hewlett, he has been prescribed a TENS unit to address the chronic pain he has as a result of having spondylosis and facet joint disease. Hewlett explains that, per policy, he is allowed to ask for a TENS unit during medication pass. Hewlett asserts that, on August 14, 2022, he asked Defendant Heather Krueger, who was handing out medication, for a TENS unit, but she refused his request. According to Hewlett, she looked at her watch, said no, and walked off. Hewlett further asserts that Defendant Mitchell Cline, the onsite sergeant, approved Krueger's refusal. Hewlett states that he was in tears that night because he was in so much pain. Dkt. No. 8 at 2–3.

## THE COURT'S ANALYSIS

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain . . . ." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test when evaluating whether a defendant's actions amount to cruel and unusual punishment. The Court asks: 1) "whether a plaintiff suffered from an objectively serious medical condition" and 2) "whether the individual defendant was deliberately indifferent to that condition." *Id*. (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). Hewlett may proceed on an Eighth Amendment claim based on his assertions that Defendants demonstrated deliberate indifference to the pain he was suffering when they refused to provide him with the prescribed TENS unit.

**IT IS THEREFORE ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Hewlett's amended

2

complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Mitchell Cline and Heather Krueger.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Mitchell Cline and Heather Krueger shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Hewlett is reminded that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, including dismissal of this action.

Dated at Green Bay, Wisconsin this __13th__ day of January, 2023.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge