UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN SHONTELL HEWLETT,

      Plaintiff,

v.                   Case No. 22-C-1334

MITCHELL R. CLINE, et al.,

      Defendants.

## DECISION AND ORDER

  Plaintiff Damien Hewlett, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim against Defendants Mitchell Cline and Heather Krueger based on allegations that they refused to provide him with a prescribed TENS unit for his chronic back pain when he requested it. TENS stands for transcutaneous electrical nerve stimulation. A TENS unit is a battery-operated device used to treat a variety of painful conditions. "[T]he effectiveness of TENS on individual pain conditions, such as low back pain, is still controversial, likely because of poor study designs and small sample size." Josimari M. DeSantana, PT, PhD, Deirdre M. Walsh, PT, PhD, Carol Vance, PT, MSc, Barbara A. Rakel, RN, PhD, and Kathleen A. Sluka, PT, PhD, *Effectiveness of Transcutaneous Electrical Nerve Stimulation for Treatment of Hyperalgesia and Pain*", National Library of Medicine, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2746624/ (last visited Jan. 10, 2024).

  On October 18, 2023, Defendants filed a motion for summary judgment. Dkt. No. 20. In a notice and order, the Court reminded Plaintiff that under Civil L. R. 56(b)(2) his response materials were due November 17, 2023. Dkt. No. 28. The Court warned Hewlett that, if he failed

to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. At Hewlett's request, the Court extended his deadline to respond to December 29, 2023. The deadline has passed, and Plaintiff did not respond to Defendants' motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Hewlett's failure to respond, the Court finds that, for security and operational reasons, the institution has a policy requiring inmates to request a prescribed TENS unit within a certain timeframe. These policies are needed because TENS units have the potential for misuse in the prison setting and can pose significant threats to security. It is undisputed that "the base unit can be converted for use as a tattoo machine, or as a 'stinger' where the bare wires are utilized to conduct electrical currents for heating foods and beverages." Dkt. No. 22, ¶ 10. The Court further finds that Hewlett failed to comply with the policy in that he did not provide his inmate identification card when he requested the TENS unit and he requested the unit too late in the day for it to be timely returned within the designated timeframe. Finally, the Court finds that Krueger contacted the health services unit about Hewlett's request and was informed that Hewlett should make his requests earlier in the day; Krueger was *not* instructed to provide Hewlett with the TENS unit that night.

With the foregoing undisputed facts in mind, the Court finds that no jury could reasonably conclude that Defendants were deliberately indifferent to Hewlett's serious medical condition when they refused to provide him with a TENS unit on a single night at the time he requested it. The record shows that Hewlett was also prescribed Tylenol, muscle rub, and physical therapy for

his chronic lower back pain. There is no showing that Hewlett was denied any of the other treatments prescribed for his pain on the night in question. The failure to provide him a TENS unit on a single day under these circumstances does not even suggest deliberate indifference. Accordingly, Defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 20) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 10th day of January, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.